UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| MICHAEL A. DICKENS | § § § § | CIVIL ACTION NO._____ |
| VERSUS | § § § § | SECTION "  " |
| FOUR RIVERS TOWING OF ALABAMA, L.L.C. and FOUR RIVERS TOWING, LLC | § § § § § | HON. _____, JUDGE |
| | § § § | MAGISTRATE _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SEAMAN'S SUIT

NOW INTO COURT, by and through undersigned counsel, comes Plaintiff, **MICHAEL A. DICKENS**, a person of the full age of majority, who in this SEAMAN'S SUIT respectfully avers the following:

1. Plaintiff, a seaman, is a person of the full age of majority and with capacity who brings this cause of action pursuant to the provisions of 46 U.S.C. § 30104, et seq. commonly referred to as the Jones Act, and all statutes supplemental and amendatory thereto and the General Maritime Laws of the United States of America, including but not limited to the doctrines of unseaworthiness and maintenance and cure. Plaintiff brings this Seaman's Suit without prepaying fees or costs or providing security pursuant to 28

U.S.C. § 1916.

2. Made Defendants herein are:

    a. **FOUR RIVERS TOWING OF ALABAMA, L.L.C.**, an Alabama limited liability company, with its principal place of business in the County of Baldwin, State of Alabama, whose director/officer/agent for service is Charles Richard "Sam" Kinzeler, a citizen of the State of Alabama and domiciled in the County of Baldwin, State of Alabama.

    b. **FOUR RIVERS TOWING, LLC**, a Kentucky limited liability company, with its principal place of business in the County of Baldwin, State of Alabama, whose director/officer/agent for service is Charles Richard "Sam" Kinzeler, a citizen of the State of Alabama and domiciled in the County of Baldwin, State of Alabama.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1), since this provision provides that an action may be brought in a district where all defendants reside, if all defendants are residents of the State in which the district is located, and in this case all defendants bring this suit in the Sourthern District of Alabama and are residents of the State of Alabama.

4. **FOUR RIVERS TOWING OF ALABAMA, L.L.C.** and **FOUR RIVERS TOWING, LLC** are justly and truly indebted, unto Plaintiff, **MICHAEL A. DICKENS**, for an amount to be determined by the trier of fact, plus interest, reasonable attorneys' fees and for all costs, charges and expenses of these proceedings for the following reasons to wit:

5. On or about May 3, 2020, Plaintiff, **MICHAEL A. DICKENS**, suffered

serious injuries while working aboard, the M/V ELSIE JANE (the "Vessel") in or near the Port of Houston, Texas. As a result of the incident, Plaintiff has undergone extensive medical treatment including two back surgeries.

6. At all times, M/V ELSIE JANE was owned and/or operated by and/or controlled in whole or in part by Defendants, **FOUR RIVERS TOWING OF ALABAMA, L.L.C.** and **FOUR RIVERS TOWING, LLC**.

7. At all times, Plaintiff, **MICHAEL A. DICKENS**, was a seaman and member of the crew of the M/V ELSIE JANE employed by the Defendants, **FOUR RIVERS TOWING OF ALABAMA, L.L.C.** and **FOUR RIVERS TOWING, LLC**.

8. During an operation ordered and/or directed and/or controlled and/or involving Defendants, **FOUR RIVERS TOWING OF ALABAMA, L.L.C.** and **FOUR RIVERS TOWING, LLC**, and its personnel, Defendant's negligence and/or the M/V ELSIE JANE's unseaworthiness, pleaded alternatively, caused Plaintiff to severely injure his back while working on equipment located on the Vessel.

9. On information and belief, the equipment had been improperly maintained and maintenance corners had been cut triggering the work that injured Plaintiff, and insufficient personnel were available for the job such that Plaintiff was required to perform the work on his own.

10. Under the Jones Act, Defendants were negligent, grossly negligent or its conduct constituted negligence per se thereby causing Plaintiff's injuries for at least the following reasons:

- Failing to provide Plaintiff with a safe place to work;
- Failure to properly staff the Vessel and/or provide an

- adequate crew;
- Failure to provide proper equipment;
- Failure to maintain, inspect, and/or repair the Vessel;
- Failure to maintain, inspect, and/or repair the Vessel's equipment;
- Operating the Vessel in an improper and unsafe manner;
- Failure to provide adequate medical treatment;
- Failure to provide adequate safety equipment;
- Failure to properly train and/or supervise workers;
- Failure to provide adequate rest;
- Failure to properly supervise the job;
- Failure to provide appropriate emergency response;
- Vicarious liability for negligence of employees and/or agents; and
- Other acts deemed negligent and grossly negligent.

11. Further, at all relevant times, the M/V ELSIE JANE was unseaworthy. The unsearworthiness of the vessel was a proximate cause of Plaintiff's damages.

12. As a result of Defendant's negligence and for the unseaworthiness of the M/V ELSIE JANE, Plaintiff sustained severe injuries, which resulted in physical pain, physical disfigurement, mental anguish, physical impairment, discomfort, and illness. In all reasonable probability, Plaintiff's physical pain, physical impairment, physical disfigurement and mental anguish and distress will continue indefinitely. Plaintiff has also suffered a loss of earnings and loss of earning capacity in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of the Court, for which he now sues.

13. Plaintiff seeks damages within the jurisdictional limits of this Court in excess of $1,000,000, including:

- Compensatory damages;
- Actual damages;
- Consequential damages;
- Lost future income;
- Lost past income;
- Past medical care;
- Future medical care;
- Past pain and suffering;
- Future pain and suffering;
- Past mental anguish;
- Future mental anguish;
- Past impairment;
- Future impairment;
- Disfigurement;
- Past loss of household services;
- Future loss of household services;
- Interest on damages (pre- and post-judgment);
- Court costs;
- Expert witness fees;
- Deposition costs;
- Attorneys' fees; and
- Other relief as the Court may deem just and proper.

14. All conditions precedent have been performed or have occurred.

15. In the event any parties are misnamed and/or not included herein, such entities are/were "alter egos." Plaintiff relies on the Alabama Rules of Civil Procedure to properly identify the limited liability companies or corporate Defendants herein.

16. As a seamen, Plaintiff is entitled to and seeks the benefits of maintenance and cure.

17. Plaintiff requests trial by jury pursuant to the Alabama Code of Civil Procedure.

18. The doctrine of res ipsa loquitur applies in this case because the event is of

a kind which does not ordinarily occur in the absence of negligence; other responsible causes are sufficiently eliminated by the evidence; and the negligence is within the scope of Defendants' duties.

19. Every foregoing and subsequent statement and sentence is incorporated into every other. In other words, any hearings or divisions should not be taken to mean facts and allegations from other sections or subsections are not included in a particular section or subsection.

WHEREFORE, Plaintiff, **MICHAEL A. DICKENS**, prays for trial by jury; that the Defendants, **FOUR RIVERS TOWING OF ALABAMA, L.L.C.** and **FOUR RIVERS TOWING, LLC**; be duly cited and served with a copy of this SEAMAN'S SUIT, that after all legal delays and proceedings have been had, there be Judgment against the Defendants, **FOUR RIVERS TOWING OF ALABAMA, L.L.C.** and **FOUR RIVERS TOWING, LLC** and in favor of the Plaintiff, **MICHAEL A. DICKENS**, in an amount of TWO MILLION DOLLARS ($2,000,000) which compensates him for his damages, plus interest from the date of incident until paid, attorney's fees, all costs of these proceeding and for all other general and equitable relief to which the Plaintiff may be entitled.

Respectfully submitted:

By: _Berney L. Strauss_____
Berney L. Strauss, Esq. (BR# 5646-S67B)
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
Counsel of Record for Plaintiff,
**MICHAEL A. DICKENS**