IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL A. DICKENS,**<br>    Plaintiff, | )<br>)<br>) |
| vs. | )    CIVIL ACTION NO. 22-00308-KD-MU |
| | ) |
| **FOUR RIVERS TOWING OF**<br>**ALABAMA, LLC,** *et al.***,**<br>    Defendants. | )<br>)<br>)<br>) |

## **ORDER**

    This "Seaman's Suit", brought pursuant to the Jones Act and the General Maritime Laws, is before the Court on Plaintiff Michael A. Dickens' motion for leave to file first amended complaint and proposed first amended complaint (doc. 12). Dickens seeks leave to amend to add Superior Bay Marine LLC and Superior Bay Marine of Alabama LLC, the "charter" of the M/V Elsie Jane, as defendants in this action. Defendants Four Rivers Towing of Alabama, LLC and Four Rivers Towing, LLC (Four Rivers) state that they have no objection (doc. 14).

    At this stage in the litigation, Rule 15(a)(2) instructs that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court construes Four Rivers' statement of no objection as the "opposing party's written consent" to the amendment. Accordingly, the motion is **GRANTED**. **Dickens** shall file his **amended complaint** on or before **May 19, 2023**.   **Four Rivers** shall file their **answer or otherwise respond** on or before **June 1, 2023**. The newly added **Defendants Superior Bay Marine LLC and Superior Bay Marine of Alabama LLC**, shall file their answer or otherwise respond as provided in Fed. R. Civ. P. 12(a) ("Time to Serve a Responsive Pleading. (1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint").

    Alternatively, should a statement of no objection not qualify as "written consent", Rule

15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

The docket does not indicate that Dickens engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. This action is in the early stages of litigation. The Preliminary Scheduling Order was entered April 3, 2023 (doc. 11). Thus, the Rule 16(b) Scheduling Order has not been entered. Therefore, the parties should not be prejudiced by the amendment to the complaint and addition of the new defendants. Also, no argument has been raised that allowing the amendment would be futile. Since the Court has not ascertained any substantial reason to deny Dicken's Motion, the interests of justice indicate that it should be granted. See Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment").

DONE and ORDERED this the 5th day of May 2023.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE